CASE NO. 1:16-CIV-62582-KMM

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into on this 29 day of January, 2017, by and between TILLMAN GOODWIN (the "Plaintiff"), on the one hand, and EXECUTIVE TOWING & RECOVERY, INC., a Florida corporation ("Executive Towing") and ANTHONY J. ROSSO ("Mr. Rosso") (the Company and Rosso are collectively referred to as "Defendants"), on the other hand.

W I T N E S S T H:

WHEREAS, Plaintiff filed a lawsuit against Executive Towing and Rosso in the United States District for the Southern District of Florida styled *Tillman Goodwin v. Executive Towing & Recovery, Inc. and Anthony J. Rosso*, CASE NO. 16-Civ-62582-KMM (the "Lawsuit");

WHEREAS, among other claims, Plaintiff alleged in the Lawsuit that the Company and Mr. Rosso failed to properly pay her minimum wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Plaintiff and the Defendants have agreed, pursuant to the terms and conditions in this Agreement, to amicably resolve the claims made in the Lawsuit, as well as all other claims Plaintiff has, had or may have.

NOW THEREFORE, the parties agree as follows:

1. **Settlement Sum.** Defendants shall pay to Plaintiff, and Plaintiff agrees to accept, on behalf of himself and their heirs, executors, personal representatives, attorneys and assigns, the total gross sum of FIVE THOUSAND DOLLARS ($5,000.00) (the "Settlement Sum"). The Settlement Sum is divided as follows between Plaintiff and Plaintiff's counsel: (a) $2,500.00 as overtime wages and liquidated damages; and (b) $2,500.00 for attorney's fees and costs.

2. **Settlement of Dispute.** Defendants acknowledge that they were represented by competent counsel and that this settlement is a result of vigorous negotiation between their counsel and Plaintiff's counsel and Plaintiff and the Defendants stipulate and agree that this is a fair and reasonable settlement of Plaintiff's claims for unpaid overtime, minimum wages and liquidated damages. With the settlement payment, Plaintiff acknowledges and agrees that he is receiving everything to which she is entitled under the FLSA.

3. **Dismissal of the Lawsuit with Prejudice.** Within five (5) business days from the date the last party signs this Agreement. Plaintiff shall file a Motion to Approve Settlement Agreement with the Court.

4. **Payment of the Settlement Sum.** The Settlement Sum shall be paid in monthly payments of $500.00 beginning on February 5, 2017, or within three (3) DAYS AFTER Court approval of the Settlement Agreement and dismiss of the Lawsuit with Prejudice. The Defendants agree and acknowledge that failure to timely pay the Settlement Sum due as provided herein constitute a default under, and breach of, this Agreement.

(a) Plaintiff understands and agrees that should the Internal Revenue Service, or any other taxing authority or other federal, state, or local agency assert, argue or determine that any money received or paid pursuant to this Agreement not subject to withholding and/or deductions is taxable wages, income or benefits of any kind, Plaintiff will be solely and individually responsible for the payment of any and all taxes, contributions, or withholdings, including without limitation any related attorney's fees, interest, costs, penalties or other charges regardless of whether the Defendants should have withheld or paid such taxes or made such contributions (including Social Security or Medicare). Plaintiff agrees to indemnify, reimburse and hold the Defendants harmless for any and all taxes, contributions, withholdings, fees, attorney's fees, interest and/or penalties owed or claimed to be owed by the Defendants on these amounts and assumes any and all liability for all such taxes, contributions, withholdings, fees, attorney's fees, interest and/or penalties assessed against the Defendants.

5. <u>General Release of Executive Towing, Eagle Eye Parking Solutions, LLC, and Anthony J. Rosso</u>. Plaintiff hereby releases, acquits, discharges, and covenants not to sue Executive Towing, as well as Eagle Eye Parking Solutions LLC, a Florida limited liability company, their officers and directors, employees, shareholders, predecessors and successors in interest, representatives, parents, subsidiaries, affiliates, related entities, agents, assigns and attorneys (collectively, the "Released Companies") and Mr. Anthony J. Rossoand his spouse, heirs, personal representatives, executors, assigns and attorneys (collectively, Released Parties") from any and all obligations, sums of money and claims of any kind whatsoever, whether known or unknown, that Plaintiff has, had or may have against the Released Companies and/or the Released Parties from the beginning of the world to the date of this Agreement.

(a) Plaintiff acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action arising from or relating to his employment and engagement by the Company or the termination of such employment or engagement. Plaintiff also acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action: (i) for violation of the FLSA and any claims for attorney's fees and/or costs that were or could have been made in the Lawsuit; (ii) arising under any federal, state, local or foreign statute or regulation, including, without limitation, those relating to unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sex harassment, religion, age, disability or handicap) of any kind under the federal Age Discrimination in Employment Act, as amended (the "ADEA"), the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the Florida Civil Rights Act, the federal Americans with Disabilities Act, the federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, Florida and federal statutes regarding "whistleblower" activities, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal, state and local employment-related statutes and regulations, and any other employment-related local ordinance; and (iii) in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, breach of

2

an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, constructive discharge, intentional and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.

(b)   Plaintiff acknowledges that this release and waiver is made knowingly and voluntarily and that no rights or claims arising after the date of this Agreement, including any claims under the ADEA, are waived.

6.   No Other Claims.   Plaintiff promises and agrees that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Rights, the Miami-Dade Equal Opportunity Board, the federal and Florida Departments of Labor, or any other federal, state or local governmental agency or department.

(a)   Plaintiff also represents that, other than the Lawsuit, he has not filed or initiated any other claims or complaints against the Released Companies and/or Released Parties, and he does not have pending before any court or federal, state or local government agency any dispute of any kind against the Released Companies and/or the Released Parties.   Plaintiff further represents that he has not assigned or transferred, or purported to have assigned or transferred, to any entity or person any rights or claims released by him pursuant to this Agreement.

(b)   Plaintiff further agrees not to engage in any conduct to solicit or assist others, including, but not limited to any current or former employee of the Released Companies, to bring or purse any suit against any of the Released Companies and/or Released parties.

7.   No Re-Employment.   Plaintiff agrees not to seek re-employment with the Released Companies and/or Released Parties, and Released Companies and/or Released Parties have no obligation, contractual or otherwise, to hire or employ him and may refuse to hire or employ him in the future based on this Paragraph.

8.   Covenant Not To Sue.   Plaintiff agrees not to sue any of all of the Defendants in any forum for any claim covered by the waivers and releases in Paragraphs 5 and 6, except that Plaintiff may bring a claim to enforce this Agreement.   Plaintiff also agrees not to participate in any class or collective action against the Defendants.   If Plaintiff violates this Agreement by suing the Defendants, other than to enforce this Agreement, Plaintiff shall be liable to such Defendants as are party to such lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit. Alternatively, if Plaintiff sues the Defendants, other than to enforce this Agreement, Plaintiff may be required, at Defendants' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

9. <u>No Disparagement/Neutral Refrence</u>. Plaintiff agrees that he will not make any adverse, derogatory, or disparaging comments or statements, orally or in writing, direct or indirect, about or against the Released Companies and/or Released Parties. The Released Companies and/or Released Parties agree to only provide in response to any request for reference by any prospective employer of Plaintiff or other individuals a neutral reference confirming the dates Plaintiff was employed by the Company and his position with the Company.

10. <u>Confidentiality</u>. Plaintiff agrees to not discuss, reveal or disclose the terms and conditions of this Agreement, the facts underlying the Lawsuit, the amount to be paid or to be paid to him by the Company pursuant to this Agreement, and the fact that the Company agreed to pay any amount to resolve the Lawsuit, except (1) to his attorneys, accountants and tax advisors, (2) as may be required by the Internal Revenue Service, or (3) pursuant to court order or subpoena compelling such disclosure. In the event he receives a subpoena, court order or other compulsory process compelling such disclosure, Plaintiff agrees to notify the Company and provide it with a copy of the subpoena, court order or process as soon as possible so that the Company may contest or seek to quash such subpoena, court order or process, if it so desires. In the event that Plaintiff discloses to his attorneys, accountants or tax advisors the terms and conditions of this Agreement, the facts underlying the Lawsuit, the amount paid or to be paid by the Company pursuant to this Agreement, and/or the fact that the Company agreed to pay any amount to resolve the Lawsuit, it shall be the Plaintiff's sole responsibility to advise said individuals of the confidential nature of such information and to secure from such individuals his or her assent to be bound by this confidentiality agreement and not to disclose, publicize or discuss such confidential information to anyone else. Plaintiff understands and agrees that he shall be responsible if any such individuals fail to maintain and protect the confidential nature of such information.

11. <u>No Admissions</u>. Neither this Agreement nor anything contained in this Agreement shall constitute or is to be deemed or construed as an admission by the Released Companies and/or Released Parties or as evidence of any liability, wrongdoing or violation of any law.

12. <u>Construction of Agreement</u>. The parties agree and acknowledge that each of them and their respective legal counsel have reviewed and revised this Agreement, that the parties have consulted with their respective legal counsel with regard to the Agreement, and that this Agreement has been voluntary and consensually negotiated at "arms-length." Accordingly, the parties agree and acknowledge that no rule of construction which would result in an interpretation or construction of this Agreement in favor, or to the detriment, of one of the parties shall apply in construing or interpreting this Agreement or any part of this Agreement.

13. <u>Attorneys' Fees</u>. Except as set forth herein, each of the parties agrees to bear its own attorney's fees and costs in connection with the Lawsuit, the resolution of the Lawsuits and this Agreement.

14. <u>Disputes and Governing Law</u>. In the event of a dispute as to the interpretation or application of, or an alleged breach of, this Agreement, the parties agree that such dispute SHALL BE HEARD BY A JUDGE, NOT A JURY, in Miami-Dade County,

4

Florida. The parties further agree this Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to principles of conflicts of laws.

15. <u>Successors And Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, next of kin, assigns and successors.

16. <u>Waiver</u>. The waiver by any party of any breach of any provision, covenant or condition of this Agreement shall not be construed as a waiver of any subsequent breach of such provision, covenant or condition or the breach of any other provision, covenant, or condition.

17. <u>Amendment And Modification</u>. This Agreement cannot be modified or amended except in writing executed by the parties. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof.

18. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed an original; provided that the parties shall each be given original signatures of all signatories to this Agreement.

19. <u>Reasonable Time to Consider and Revocation</u>. Defendants acknowledge that that they (1) have fully read, negotiated, and completely understand the provisions of this Agreement: (2) have been advised to consult with an attorney before singing this Agreement, and have consulted with the attorney of her choice; (3) have been given at least 21 calendar days to review and consider the provisions of this Agreement; and (4) are signing this Agreement freely and voluntarily, and without duress, coercion or undue influence. Defendants also understands and acknowledges that they have 3 days following the execution of this Agreement to revoke their acceptance of this Agreement (the "Revocation Period") and that this Agreement shall not become effective or enforceable until the Revocation Period has expired. Defendants agree that revocation shall be effective only upon the Company's receipt of a written revocation notice from her delivered by 5:00 p.m. on the 3rd day following his signing of this Agreement to the Company's attorney, Santiago J. Padilla, Esq., Fowler Rodriguez LLP, 355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134. Additionally, Plaintiff understands and acknowledges that no monies shall be paid pursuant to this Agreement until the end of the Revocation Period.

20. <u>Enforcement</u>. In the event of Default of this Agreement by any party, the non-defaulting party/parties shall be entitled to any legal remedy against the defaulting party/parties, including specific performance, and the prevailing party/parties in such action against the defaulting party/parties to enforce this Agreement shall be entitled to have its reasonable attorneys' fees and costs paid by the opposing party/parties, including appeal(s), and all fees and costs associated with collection, entitlement determination, and hearing on amount of fees and costs.

IN WITNESS WHEREOF, each party has caused this Agreement to be knowingly and voluntarily and with advice of counsel executed on the date(s) set forth below.

EXECUTIVE TOWING & RECOVERY, INC., a Florida

Corporation

By: _____ Date: 1-29-17
Name: Anthony J. Rosso
Position: Owner

_____ Date: 1-29-17
ANTHONY J. ROSSO

_____ Date: 1/31/17
TILLMAN GOODWIN